**No. 25-14037**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

JOSE LOZANO JR.,

*Plaintiff-Appellant,*

*v.*

COLLIER COUNTY, FLORIDA, ET AL.

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the Middle District of Florida
No. 3:25-cv-725 (Hon. Sheri Polster Chappell, U.S. District Judge)

_____

**APPENDIX**

_____

Samuel Weiss
RIGHTS BEHIND BARS
1800 M Street NW, Front 1 #33821
Washington, DC 20033
202-455-4399
sam@rightsbehindbars.org

*Counsel for Plaintiff-Appellant Jose Lozano Jr.*

April 6, 2026

APPEAL,CLOSED,STAYED

# U.S. District Court
## Middle District of Florida (Ft. Myers)
## CIVIL DOCKET FOR CASE #: 2:25-cv-00725-SPC-DNF

| | |
|---|---|
| Guerrero Lozano, Jr. v. Collier County - State of Florida et al | Date Filed: 08/18/2025 |
| Assigned to: Judge Sheri Polster Chappell | Date Terminated: 10/16/2025 |
| Referred to: Magistrate Judge Douglas N. Frazier | Jury Demand: Plaintiff |
| Demand: $500,000 | Nature of Suit: 550 Prisoner: Civil Rights |
| Case in other court: 11th Circuit, 25-14037-E | Jurisdiction: Federal Question |
| Cause: 42:1983 Prisoner Civil Rights | |

**Plaintiff**

**Jose Guerrero Lozano, Jr.**          represented by    **Jose Guerrero Lozano, Jr.**
766161
Suwannee Correctional Institution - Annex
5964 US Highway 90
Live Oak, FL 32060
PRO SE

V.

**Defendant**

**Collier County - State of Florida**
*Sheriff's Department*

**Defendant**

**Armor Health, LLC**
*Medical Contractor to Collier County, FLA*

**Defendant**

**Zinia Rodriguez**
*Medical Nurse*

**Defendant**

**Kevin Rambosk**
*Sheriff of Collier Co.*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/18/2025 | 1 | COMPLAINT against All Defendants filed by Jose Guerrero Lozano. (Attachments: # 1 Attachment A, # 2 Mailing Envelope) No service copies received. (FLY) (Entered: 08/19/2025) |
| 08/18/2025 | 2 | MOTION to Proceed In Forma Pauperis by Jose Guerrero Lozano. (Attachments: # 1 Trust Fund Account Statement, # 2 Mailing Envelope) (FLY) Motions referred to Magistrate Judge Kyle C. Dudek. (Entered: 08/19/2025) |

| | | |
|---|---|---|
| 08/20/2025 | 3 | **CIVIL Action Order for Confined Plaintiff. Signed by All Divisional Judges on 8/20/2025. (CGW)** (Entered: 08/20/2025) |
| 08/20/2025 | 4 | **STANDING ORDER for all incarcerated pro se litigants. Signed by All Divisional Judges on 8/20/2025. (CGW)** (Entered: 08/20/2025) |
| 08/20/2025 | 5 | **ORDER granting 2 Motion to Proceed In Forma Pauperis to the extent that the case may proceed without the prepayment of the filing fee. But Lozano is ultimately responsible for the total $350 filing fee as required by law. *See* 28 U.S.C. § 1915(b)(1). The Clerk of Court shall mail a copy of this order to the Suwannee Correctional Institution Annex, Inmate Trust Department. Signed by Magistrate Judge Kyle C. Dudek on 8/20/2025. (BGS)** (Entered: 08/20/2025) |
| 09/03/2025 | 6 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Jose Guerrero Lozano. (Attachments: # 1 Mailing Envelope)(FLY) (Entered: 09/03/2025) |
| 09/03/2025 | 7 | NOTICE of a related action per Local Rule 1.07(c) by Jose Guerrero Lozano. Related case(s): Yes (Attachments: # 1 Mailing Envelope)(FLY) (Entered: 09/03/2025) |
| 09/08/2025 | 8 | MOTION for Due Process and Service by Jose Guerrero Lozano. (Attachments: # 1 Mailing Envelope)(FLY) Motions referred to Magistrate Judge Kyle C. Dudek. (Entered: 09/08/2025) |
| 09/15/2025 | 9 | Case Reassigned to Magistrate Judge Douglas N. Frazier. New case number: 2:25-cv-0725-SPC-DNF. Magistrate Judge K. C. Dudek no longer assigned to the case. Motion(s) REFERRED: 8 MOTION for Miscellaneous Relief, specifically for Due Process and Service. Motion(s) referred to Magistrate Judge Douglas N. Frazier. (CTR) (Entered: 09/15/2025) |
| 09/15/2025 | 10 | **ORDERED: Plaintiff Jose Guerrero Lozano's Complaint for Violation of Civil Rights (Doc. 1) is DISMISSED without prejudice. Lozano may file an amended complaint by October 6, 2025. Otherwise, the Court will enter judgment and close this case without further notice. Signed by Judge Sheri Polster Chappell on 9/15/2025. (AEH)** (Entered: 09/15/2025) |
| 10/06/2025 | | FEES Paid by Jose Guerrero Lozano (Filing fee $22, Receipt Number 17182). (ABM) (Entered: 10/06/2025) |
| 10/10/2025 | 11 | AMENDED COMPLAINT against All Defendants with Jury Demand filed by Jose Guerrero Lozano, Jr. Related document: 1 Complaint filed by Jose Guerrero Lozano, Jr. (Attachments: # 1 Mailing Envelope) (FLY) (Entered: 10/14/2025) |
| 10/14/2025 | | FEES Paid by Jose Guerrero Lozano, Jr (Filing fee $9.80, Receipt Number 17192). (ABM) (Entered: 10/14/2025) |
| 10/16/2025 | 12 | **OPINION AND ORDER. Plaintiff Jose Guerrero Lozano's Amended Complaint (Doc. 11) is DISMISSED without prejudice. The Clerk is DIRECTED to terminate any pending motions and deadlines, enter judgment, and close this case. Signed by Judge Sheri Polster Chappell on 10/16/2025. (NMC)** (Entered: 10/16/2025) |
| 10/16/2025 | 13 | JUDGMENT that Plaintiff Jose Guerrero Lozano's Amended Complaint Doc 11 is DISMISSED without prejudice. (Signed by Deputy Clerk) (JOS) (Entered: 10/16/2025) |
| 10/20/2025 | | FEES Paid by Jose Guerrero Lozano, Jr (Filing fee $12, Receipt Number 17199). (ABM) (Entered: 10/20/2025) |
| 11/13/2025 | | FEES Paid by Jose Guerrero Lozano, Jr (Filing fee $11.80, Receipt Number 17227). (ABM) (Entered: 11/13/2025) |

| | | |
|---|---|---|
| 11/13/2025 | 14 | NOTICE OF APPEAL as to 13 Judgment - Prisoner and 12 Opinion and order by Jose Guerrero Lozano, Jr. Filing fee not paid. (Attachments: # 1 Mailing Envelope) (FLY) (Entered: 11/14/2025) |
| 11/14/2025 | 15 | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed to USCA re 14 Notice of Appeal. (FLY) (Entered: 11/14/2025) |
| 11/18/2025 | | FEES Paid by Jose Guerrero Lozano, Jr (Filing fee $13.60, Receipt Number 17235). (ABM) (Entered: 11/18/2025) |
| 11/18/2025 | | ***11th Circuit Case Number: 25-14037-E for 14 Notice of Appeal filed by Jose Guerrero Lozano, Jr. (FLY) (Entered: 11/18/2025) |
| 12/08/2025 | 16 | MOTION to Appeal In Forma Pauperis by Jose Guerrero Lozano, Jr. (Attachments: # 1 Mailing Envelope) (FLY) (Entered: 12/09/2025) |
| 12/09/2025 | | FEES Paid by Jose Guerrero Lozano, Jr (Filing fee $13.40, Receipt Number 17262). (ABM) (Entered: 12/09/2025) |
| 12/09/2025 | 17 | USCA Order Issued as a Mandate - Dismissed for Want of Prosecution as to 14 Notice of Appeal filed by Jose Guerrero Lozano, Jr.. USCA number: 25-14037-E. ***Stay lifted. ORDER: Pursuant to the 11th Cir. R. 42-1(b), this appeal is DISMISSED for want of prosecution because the Appellant Jose Guerrero Lozano, Jr. failed to pay the filing and docketing fees (or file a motion in the district court for relief from the obligation to pay in advance the full fee) to the district court and failed to comply with the rules on Certificates of Interested Persons and Corporate Disclosure Statements within the time fixed by the rules (FLY) (Entered: 12/11/2025) |
| 12/11/2025 | 18 | **ORDER denying 16 Plaintiff's Motion for Leave to Appeal In Forma Pauperis; directions to the Clerk. Signed by Judge Sheri Polster Chappell on 12/10/2025. (CAW)** (Entered: 12/11/2025) |
| 12/23/2025 | | FEES Paid (Filing fee $10.00, Receipt Number 17280). (FLY) (Entered: 12/23/2025) |
| 12/29/2025 | 19 | MOTION for Extension of Time to File CIP and In Forma Pauperis by Jose Guerrero Lozano, Jr. (Attachments: # 1 Mailing Envelope) (WLB) Motions referred to Magistrate Judge Douglas N. Frazier. (Entered: 12/30/2025) |
| 12/29/2025 | 20 | MOTION to Appeal In Forma Pauperis / Affidavit of Indigency by Jose Guerrero Lozano, Jr. (Attachments: # 1 Notice to Court, # 2 Mailing Envelope) (WLB) (Entered: 12/30/2025) |
| 12/31/2025 | 21 | **ENDORSED ORDER denying as moot plaintiff Jose Guerrero Lozano's Motion for Extension of Time (Doc. 19) and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 20), which the Court construes as a motion to appeal *in forma pauperis* (IFP). The Court already denied Lozano's request to appeal IFP, (Doc. 18, and the Eleventh Circuit dismissed his appeal, (Doc. 17). Signed by Judge Sheri Polster Chappell on 12/31/2025. (NMC)** (Entered: 12/31/2025) |
| 02/03/2026 | | FEES Paid by Jose Guerrero Lozano, Jr (Filing fee $10.00, Receipt Number 17332). (FLY) (Entered: 02/03/2026) |
| 02/20/2026 | | FEES Paid by Jose Guerrero Lozano, Jr (Filing fee $10, Receipt Number 17368). (ABM) (Entered: 02/20/2026) |
| 02/24/2026 | 22 | USCA Order - Reinstating Appeal as to 14 Notice of Appeal filed by Jose Guerrero Lozano, Jr. USCA number: 25-14037-E. ***Appeal reopened. ***Case Stayed. (FLY) (Entered: 02/26/2026) |

USCA11 Case: 25-14037    Document: 14    Date Filed: 04/06/2026    Page: 5 of 29

| 02/26/2026 | 23 | TRANSCRIPT information form filed by Jose Guerrero Lozano, Jr re 14 Notice of Appeal. USCA number: 25-14037-E. No transcript(s) requested. (Attachments: # 1 Mailing Envelope)(ELA) (Entered: 02/26/2026) |
|---|---|---|
| 03/05/2026 | | FEES Paid by Jose Guerrero Lozano, Jr (Filing fee $12, Receipt Number 17407). (ABM) (Entered: 03/05/2026) |
| 03/16/2026 | | USCA appeal fees received $605.00, receipt number 17436 re 14 Notice of Appeal filed by Attorney Samuel Weiss for Jose Guerrero Lozano, Jr. (FLY) (Entered: 03/16/2026) |
| 03/25/2026 | | FEES Paid by Jose Guerrero Lozano, Jr (Filing fee $12, Receipt Number 17465). (ABM) (Entered: 03/25/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/05/2026 09:18:01 | | | |
| **PACER Login:** | rightsbehindbars | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:25-cv-00725-SPC-DNF |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE GUERRERO LOZANO,

      Plaintiff,

    v.                            Case No.:  2:25-cv-00725-SPC-KCD

COLLIER COUNTY *et al.*

      Defendants,

                                    /

**OPINION AND ORDER**

Before the Court is Plaintiff Jose Guerrero Lozano's Complaint for Violation of Civil Rights (Doc. 1).  Lozano is a prisoner of the Florida Department of Corrections and was formerly detained in the Collier County Jail.  Lozano sues Collier County, medical contractor Armor Health, nurse Zinia Rodriguez, and sheriff Kevin Rambosk under 42 U.S.C. § 1983, the Eighth Amendment, and the Americans with Disabilities Act (ADA).  Lozano is proceeding *in forma pauperis*, so the Court must review the complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

**Background**

Lozano's complaint is light on factual details.  While being booked into the jail, Lozano told unnamed booking and medical staff he had a disability

that impacts his mobility and required ADA accommodations, including handrails in the shower. The jail did not provide the requested accommodations. Lozano fell while showering and seriously injured his shoulder, knee, and back. He sues Collier County, Armor Health, Sheriff Kevin Rambosk, and nurse Zinia Rodriguez for failing to provide a shower with handrails.

## Legal Standard

Federal Rules of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2)

the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

## Discussion

As the Court construes it, Lozano's complaint accuses the defendants of violating his rights under the Eighth Amendment and the ADA. In the complaint form, Lozano indicates he sues all four defendants in both their individual and official capacities. Lozano cannot sue Collier County and Armor Health in their individual capacities because they are not individuals. And Lozano does not allege Sheriff Rambosk was personally involved in any deprivation of rights, so he cannot be liable in his individual capacity. *See Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1060 (11th Cir. 1992) (to hold an official liable in his individual capacity, a § 1983 plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right"). The Court thus construes Lozano's claims against Armor Health, Collier County, and Rambosk in their official capacities only.

A. Eighth Amendment

Lozano asserts the defendants violated the Eighth Amendment by requiring him to use a shower without handrails. Courts apply a two-part analysis when considering claims about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up).

Under the subjective component of a conditions-of-confinement claim, the prisoner must show deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotations and citation omitted). Deliberate indifference is akin to subjective recklessness as used in criminal law, and to establish it, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024).

Lozano fails to plausibly plead either component. The allegation that Lozano has a mobility-related disability is not enough to establish that requiring him to shower without handrails created an unreasonable risk of serious harm. He must plead in more detail to establish the objective component. Lozano also fails to establish deliberate indifference. He does not allege facts suggesting either individual defendant knew of his disability before he fell, and they could not have been deliberately indifferent to a risk they were unaware of. Lozano has not alleged Rambosk or Rodriguez had a culpable state of mind.

Lozano's official-capacity Eighth Amendment claims against Rambosk, Collier County, and Armor Health also fail. Municipalities can only be liable under 42 U.S.C. § 1983 if "the alleged constitutional harm is the result of a custom or policy." *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020); s*ee also Monell v. Dep't of Soc. Sec. Servs. of City of New York*, 436 U.S. 658 (1978).[1] But there can be no *Monell* liability without an underlying constitutional violation. *Pipkins v. Cty. of Hoover, Ala.*, 134 F.4th 1163, 1173 (11th Cir. 2025). Thus, Lozano's failure to plausibly allege that any official violated the Eight Amendment is fatal to his *Monell* claims. Also, Lozano's *Monell* claims are insufficient because he "does not allege a pattern of similar

---

[1] Armor Health is considered a municipality because it "performs a function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997).

constitutional violations" by the defendants' employees. *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1328 (11th Cir. 2015). Although the complaint alleges Collier County and Armor Health had customs or policies that contributed to Lozano's injury, it alleges no facts to support those conclusions.

Lozano fails to state a plausible Eighth Amendment claim against any defendant. If Lozano amends this claim, he should include details about his disability, what he told the defendants about his disability before his fall, and how they responded.

B. <u>ADA</u>

Title II of the ADA prohibits public entities from discriminating against individuals with disabilities and requires public entities to make "reasonable modifications to their policies, practices, or procedures when necessary to avoid discrimination on the basis of a disability unless making the modifications would "fundamentally alter the nature" of the services, programs, or activities." *Siskos v. Sec'y, Dep't of Corr.,* 817 F. App'x 760, 764 (11th Cir. 2020) (quoting 28 C.F.R. § 35.130(b)(7). Public entities, including prisons and jails, can be liable for damages if they fail to make a reasonable accommodation, but only if the failure violates the Fourteenth Amendment. *Id.*; *see also United States v. Georgia,* 546 U.S. 151, 157-59 (11th Cir. 2006) (noting that the Fourteenth

Amendment incorporates the Eighth Amendment against the states).[2]  Absent a constitutional violation, the Eleventh Amendment bars ADA claims for monetary damages against state agencies.

As explained above, Lozano's complaint does not state an Eighth Amendment claim.  *See Redding v. Georgia,* 557 F. App'x 840, 844 (11th Cir. 2014) (assigning a prisoner to a top bunk despite his bottom-bunk pass did not rise to the level of an Eighth Amendment violation).  Lozano cannot pursue monetary damages against a state actor under the ADA without pleading a plausible Eighth Amendment claim. [3]

Accordingly, it is hereby **ORDERED**

(1)    Plaintiff Jose Guerrero Lozano's Complaint for Violation of Civil Rights (Doc. 1) is **DISMISSED without prejudice**.

(2)    Lozano may file an amended complaint by October 6, 2025. Otherwise, the Court will enter judgment and close this case without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on September 15, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] There is no individual liability under the ADA, so an ADA claim against Rodriguez is a nonstarter.  *See Dukes v. Georgia,* 428 F. Supp. 2d 1298, 1322 n.5 (N.D. Ga. 2006).
[3] Lozano does not seek injunctive relief because he is no longer detained in Collier County Jail.

Rev. 5/20

# United States District Court
### Middle District of Florida
### Fort Myers Division

Provided to Suwannee
Correctional Institution on

OCT 03 2025

for mailing, by PV JL

JOSÉ GUERRERO LOZANO, JR.

*(In the space above enter the full legal name of the plaintiff)*

-against-

1.) Collier County-State of Florida Sherriff's Department

2.) Armor Health, LLC. Medical Contractor To Collier County, FLA.

3.) Zinia Rodriguez-medical Nurse

4.) Kevin Rambosk, Sherriff of Collier Co.

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

Case No. 2:25-cv-725-SPC-KCD

*(To be filled out by Clerk's Office only)*

## AMENDED COMPLAINT

*(Pro Se* Confined Litigant)

Jury Demand?

☒ Yes

☐ No

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

Rev. 5/20

## I.   COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☒   42 U.S.C. § 1983 (state, county, or municipal defendants)

☐   Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II.   PLAINTIFF INFORMATION

LOZANO, JOSE GUERRERO                    NONE
Name (Last, First, MI)                                   Aliases

DC# 766161
Identification #

SUWANNEE C.I. ANNEX
Place of Detention

5964 US, Hwy 90, b
Institutional Address

SUWANNEE County, LIVE OAK, Florida          32060
County, City                          State          Zip Code

## III.   STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☒   Convicted and sentenced state prisoner
☐   Convicted and sentenced federal prisoner

Rev. 5/20

## IV.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:    *Collier County - State of Florida*
Name (Last, First)

*Sherriffs Department*
Current Job Title

*3315 East Tamiami Trail*
Current Work Address

*Collier County, Naples,     FL.                    34112*
County, City                              State                    Zip Code

Defendant 2:    *Armor Health, LLc.*
Name (Last, First)

*Medical Subcontrator, Collier County Sherriff's Dept*
*Previous* : Title

*4960 S.W. 72 Ave. STE. 400, for Home office*
*Corporate.* Address

*Dade County, Miami     Fl                    33155*
County, City                              State                    Zip Code

Rev. 5/20

**Defendant(s) Continued**

Defendant 3: _Rodriguez, Zinia_
Name (Last, First)

_Medical Nurse - No Longer Employed_
Job Title

_2841 Hiram St. #701_
Current        Address

_Lee Co., Bonita Springs, Fl.           34135_
County, City                    State           Zip Code


Defendant 4: _Rambosk, Kevin_
Name (Last, First)

_Sherriff of Collier County-State of Florida_
Current Job Title

_3315 Tamiami Trail_
Current Work Address

_Collier Co., Naples,      Fl.           34112_
County, City              State           Zip Code


[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]

Rev. 5/20

## V.    STATEMENT OF CLAIM

Place(s) of
occurrence:      *Collier County Sherriff's Department*

Date(s) of occurrence:    *January 01, 2022 → January 09, 2022*
                                   *Booking*              *Injury*

State which of your federal constitutional or federal statutory rights have been violated:

*8ᵀᴴ Amendment - Deliberate Indifference*

*Title II U.S.C. 42 - ADA*

*State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).*

FACTS:

> What happened to you?

1) Collier County's Sherriffs' Department is the acting County Agency responsible to ensure Prisoner safety and is responsible to ensure employees follow all statutes both state and federal. The Booking officer #2833 knew of Plaintiff's Disability and ADA. Housing Requirement but refused to follow Policy when, even though stating on Booking No. 22-14 that Plaintiff was Disabled, and subjectively assigned Plaintiff to Open Population knowing Plaintiff who required Handicapped Facility to Bathe could be harmed by his actions even though Plaintiff complained his mobility problems required Placement in Medical Pod and as his Prior incarcerations were delagated. On Jan. 09, 2022, Plaintiff was injured attempting to take shower in facility with no hand rails, or seat to facilitate a Handicapped Person who at Booking was told he did not care and forced him into going to Open Population

Rev. 5/20

Regardless of Handicap, Stating he did not care if injured.

2.) Armor Health, LLC, is a Medical Subcontractor To Collier County Sherriff's Department and as such is Contractingly obligated To follow All Rules of both State and Federal Agencies in The care and Treatment of Handicapped Persons under Thier care iroegardless of Thier Personal Views and discriminations. Nurse Rodriguez Violated Plaintiff's Civil Rights under both Title 42 U.S.C. under ADA. And The 8th Amendment To cruel and Unusual Punishment, First by Stating she did not care if he was To be injured and Told him To get in Shower Then When Plaintiff Fell and Was injured by Dislocating his Left Shoulder, back an knee Stating with a Laugh That, "That Shower Kicked his Ass; Then Plaintiff unable To Breathe And could not Respond was helped by 2 Eye Witnesses who Stated She Needed To help Him not Laugh. The Witnesses Bryan DeLashmet, County Pin No. A# 78153 and Witness David J. Badger, County Pin No. A#208743, DC#218447 can be Subpeoned For Deposition. The Causation of Injuries is Shown Through Failure To Provide Adequate Care as cited Necessary under ADA. For Handicapped Person Causing Extreme injury by All Defendants Deliberate Indifference To both State Statute and Fed. Require The Injuries Required To be operated on Multiple Time Leaving Plaintiff Permanently injured.

3.) Zinia Rodriguez, As Stipulated Above was Prejudial, indifferent To Plaintiff's Pain and Suffering To The Point That it violated Any Standard of Care as She Laughed, Making Rude Comments And

[Additional Facts Must Be Set Forth in an Attachment Titled Section V]

Who did what?

Rev. 5/20

ANY CARE UNTIL WITNESSES AND ANOTHER NURSE TOLD her MOVE AWAY FOR NURSE TO APPLY OXYGEN MASK,

4, KEVIN RAMBOSK, THE SHERIFF OF JAIL AND COUNTY SHERRIFF'S DEPARTMENT IS RESPONSIBLE FOR THE PERSONEL IN SHERRIFF'S DEPT, AND ANY CONTRACTORS EMPLOYED TO WORK THERE AND AS SUCH IS COMPLETELY RESPONSIBLE FOR ALLOWING THE CUSTOM OR POLICY OF IGNORING AND OR VIOLATING THE PRISONERS CIVIL RIGHTS IN RELATION TO THE NECESSARY USE AND NEEDS OF HANDICAPPED PERSONS IN ORDER TO SAVE MONEY. THIS IS CAUSED BY DEFENDANTS DELIBERATE INDIFFERENCE TO QUALIFICATIONS AND TRAINING OF THE PERSONEL OFF BOTH CONTRACTED EMPLOYEE'S AND SHERRIFF'S DEPT, PERSONEL TOWARD HANDICAPPED PERSONS AS TO TRAINING AND CARE OF HANDICAPPED TO AVOID EXTRA COSTS FOR THIS EDUCATION both by MEDICAL SUBCONTRACTORS AND DEPT, PERSONEL AND TO CUT COSTS ON EQUIPMENT being DELIBERATELY INDIFFERENT TO DISABLED NEEDS, IF NOT FOR THIS CUSTOM or POLICY, PLAINTIFF if SUPPLIED WITH HANDICAPPED FACILITIES or TRAINED PERSONEL FOR HANDICAPPED INDIVIDUALS WOULD NOT HAVE BEEN INJURED CAUSING 2 SURGERIES TO BE DONE ON LEFT shoulder, AND ONE ON LEFT KNEE, but STILL RECOMMENDED TO ADDITIONAL SURGERIES TO FURTHER CORRECT WHAT WAS CAUSED BY THE DELIBERATE INDIFFERENCE CAUSED BY IMPROPERLY TRAINED AND SCREENED for CAPABILITY AND MENTAL AWARENESS OF DISABILITY PERSONS –

[Margin box:] Was anyone else involved?

## VI. ADMINISTRATIVE PROCEDURES

*WARNING:* **Prisoners** *must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

I AM REQUESTING AN INJUNCTION FOR MEDICAL CARE OF INJURIES TO ENSURE I AM GIVEN PROPER CARE both while INCARCERATED AND CARE FOR AFTER RELEASE which is IN NEAR FUTURE AS I will SOON bE RELEASEd AND will STILL NEEd SURGERIES. Also, I WANT ACTUAL DAMAGES IN THE AMOUNT of Two Hundred AND FIFTY Thousand Dollars, And whatever PUNITIVE DAMAGES The COURT DEEMS APPROPIATE.

Rev. 5/20

## VIII.  LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a **prisoner** from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

## *ALL LITIGANTS MUST ANSWER:.*

Have you to date brought any other lawsuits in state or federal court while a confined?     ☒ Yes   ☐ No

If yes, how many?  *2 Previous, 1 Now Amending*

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

1.) §1983 Complaint, Jose G. Lozano Plaintiff, Defendants, Collier County Sheriff's Dept. Kevin Rambosk, Zinia Rodriguez Middle District of Florida, Ft. Meyers Division Court Case: 2:23-CV-00354 SPC/NPM Dismissed without Prejudice, March 24, 2025.

2.) §1983 Complaint, Jose G. Lozano Plaintiff Case No. 2020-CA000131 in Nineteenth Judicial Circuit for Okeechobee County, FL. Filing Date 12-15-2022.

3.) §1983 Complaint Case No: 2:25-CV-725-SPC-KCD, U.S. District Court, Fort Meyers Division Defendants, Collier County Sheriffs Department, Armor Health, LLC, Zinia Rodriguez, Kevin Rambosk Sheriff of Collier County Dismissed with Leave to Amend by October 06, 2025, In Process.

## IX.   PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

10 / 3 / 2025
Dated

Jose Guerrero Lozano Jr.
Plaintiff's Signature

JOSE' GUERRERO LOZANO
Printed Name (Last, First, MI)

DC# 766161
Identification #

SUWANNEE C.I. ANNEX, 5964 US. Hwy 90, LIVE OAK, Fl 32060
Institutional Name          City          State     Zip Code

**Page 10 of 10**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE GUERRERO LOZANO,

      Plaintiff,

    v.                        Case No.:  2:25-cv-00725-SPC-KCD

COLLIER COUNTY *et al.*

      Defendants,

                                    /

**OPINION AND ORDER**

Before the Court is Plaintiff Jose Guerrero Lozano's Amended Complaint (Doc. 11).  Lozano is a prisoner of the Florida Department of Corrections and was formerly detained in the Collier County Jail.  Lozano sues Collier County, medical contractor Armor Health, nurse Zinia Rodriguez, and sheriff Kevin Rambosk under 42 U.S.C. § 1983 for violations of the Eighth Amendment and the Americans with Disabilities Act (ADA).  Lozano alleges that jail officials failed to provide a shower with handrails despite his mobility-related disability, and that he suffered multiple injuries when he fell while showering.

The Court dismissed Lozano's initial complaint for failure to state a claim.  Lozano's amended complaint is not materially different than the original, and it fails to state a claim for the same reasons.

The Court found the initial complaint failed to establish either the subjective or objective components of an Eighth Amendment claim:

> Courts apply a two-part analysis when considering claims about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up).
>
> Lozano fails to plausibly plead either component. The allegation that Lozano has a mobility-related disability is not enough to establish that requiring him to shower without handrails created an unreasonable risk of serious harm. He must plead in more detail to establish the objective component. Lozano also fails to establish deliberate indifference. He does not allege facts suggesting either individual defendant knew of his disability before he fell, and they could not have been deliberately indifferent to a risk they were unaware of. Lozano has not alleged Rambosk or Rodriguez had a culpable state of mind.

(Doc. 10 at 5). The Court gave Lozano specific instructions for repleading: "If Lozano amends this claim, he should include details about his disability, what he told the defendants about his disability before his fall, and how they responded." (*Id.* at 6).

Lozano did not follow the Court's instructions. Like his original complaint, Lozano's amended complaint does not describe his disability or otherwise allege facts from which the Court could reasonably infer that a defendant or any other jail official knew showering without handrails created

an unreasonable risk of serious harm to Lozano. Lozano's allegation that a booking officer assigned him to open population despite knowledge of an unspecified disability is not enough. And as the Court explained in its prior order, Lozano's failure to state an Eighth Amendment claim is also fatal to his ADA claims. *See Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 764 (11th Cir. 2020) (the Eleventh Amendment bars ADA claims against public entities for monetary damages absent a constitutional violation).

Accordingly, it is hereby

**ORDERED**

(1)     Plaintiff Jose Guerrero Lozano's Amended Complaint (Doc. 11) is **DISMISSED without prejudice**.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on October 15, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record
SA: FTMP-1

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**Jose Guerrero Lozano, Jr.,**


        **Plaintiff.**

**v.**                             **Case No: 2:25-cv-00725-SPC-DNF**

**Collier County - State of Florida et al,**


        **Defendant.**
_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**    This action came before the Court and a decision has been rendered.


    **IT IS ORDERED AND ADJUDGED** that Plaintiff Jose Guerrero Lozano's Amended

Complaint (Doc. 11) is DISMISSED without prejudice.


Date: **October 16, 2025**


                                 ELIZABETH M. WARREN,
                                 CLERK
                                 s/JS, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b)  **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)  **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.  **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)  **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Provided to Suwannee
Correctional Institution on

NOV 07 2025 JL

for mailing, by PN

JOSE GUERRERO LOZANO JR

Plaintiff.

V.                          Case NO: 2:25-CV-00725-SPC-DNF

Collier County - State of Florida etal.

Defendant.

_____

NOTICE OF APPEAL

Come Now the Plaintiff Pro se Jose Guerrero Lozano JR
and hereby submitts Notice of Appeal Pursuant to 28 U.S.C
Section 1291 of the final order of the above styled
Court and case Number DISMISSED without Predudice
enter october 16, 2025 by the United States District
Court Middle District of Florida Orlando Division
(Doc. 11) Amended complaint.

Respectfully,
Jose Guerrero Lozano jr
Jose Guerrero Lozano JR
Dc. # 766161

Dated: 11/7/2025.

## CERTIFICATE OF SERVICE

I certify that on April 6, 2026, I electronically transmitted the foregoing appendix to the Clerk of the Court using the appellate CM/ECF System, causing it to be served on counsel of record, who are all registered CM/ECF users.

/s/ *Samuel Weiss*
Samuel Weiss