**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-14037
Non-Argument Calendar
_____

JOSE GUERRERO LOZANO, JR.,

*Plaintiff-Appellant,*

*versus*

COLLIER COUNTY, STATE OF FLORIDA,
   Sheriff's Department,
ARMOR HEALTH, LLC,
   Medical Contractor to Collier County, FLA,
ZINIA RODRIGUEZ,
   Medical Nurse,
COLLIER COUNTY SHERIFF,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:25-cv-00725-SPC-DNF
_____

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Jose Guerrero Lozano, Jr. appeals the district court's dismissal of his complaint against Defendants-Appellees Collier County, medical contractor Armor Health, Nurse Zinia Rodriguez, and Sheriff Kevin Rambosk (collectively, Appellees). On appeal, Lozano argues that he adequately alleged a claim under the Americans with Disabilities Act (ADA). After careful review, we affirm the district court's dismissal without prejudice.

## I.

Proceeding pro se before the district court, Lozano sued Appellees under 42 U.S.C. § 1983 for violations of the Eighth Amendment and the ADA. Lozano alleged that despite their knowledge of his mobility-related disability, Appellees failed to follow official policy and provide him a shower with handrails. Because of this failure, Lozano suffered injuries after falling in a shower that lacked handrails or seats.

Under 28 U.S.C. § 1915, the district court dismissed Lozano's initial complaint for failure to state a claim because he failed to establish either the subjective or objective components of an Eighth Amendment claim, which in turn prohibited his ADA claim. The court explained that Lozano's complaint, in which he claims that he has a mobility-related disability, is not enough to establish that requiring him to shower without handrails created an unreasonable risk of serious harm. The court further explained that Lozano

also failed to allege facts that would establish deliberate indifference.

The court instructed Lozano on what he needed to include in his amended complaint: details about his disability, what he told the defendants about his disability before his fall, and how the defendants responded. Lozano filed an amended complaint. But the district court again dismissed Lozano's amended complaint for failure to state a claim for the same reasons as his original complaint, explaining that "Lozano's allegation that a booking officer assigned him to open population despite knowledge of an unspecified disability is not enough to establish a claim." Lozano timely appealed with the assistance of counsel.

## II.

Under 28 U.S.C. § 1915A(a), federal courts must conduct an initial screening of certain civil suits brought by incarcerated individuals to determine whether they should proceed. Upon review, a court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). And when prisoners are proceeding in forma pauperis, courts are similarly directed to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

We review de novo a district court's dismissal for failure to state a claim upon which relief may be granted, under 28 U.S.C. §§ 1915(e) and 1915A(b)(1). *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276,

1278–79 (11th Cir. 2001) (per curiam).  And we must take the factual "allegations in the complaint as true."  *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003).  "But we are not 'bound to accept as true a legal conclusion couched as a factual allegation.'"  *Diverse Power, Inc. v. City of LaGrange*, 934 F.3d 1270, 1273 (11th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)).

Lozano requested both injunctive relief and compensatory damages.  Typically, plaintiffs who allege an ADA violation are entitled "only to injunctive relief."  *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019).  But since Lozano is no longer in custody at Collier County, his claims for injunctive relief are moot.[1]  For the remaining compensatory damages, Lozano must allege that "the entity that he has sued engaged in intentional discrimination, which requires a showing of deliberate indifference."  *Id.* (internal quotation marks omitted).

Deliberate indifference is an "exacting standard [requiring] proof that the defendant knew that harm to a federally protected right was substantially likely and failed to act on that likelihood."  *Id.* (citation modified).  Further, "in order to hold a government entity liable, the plaintiff must demonstrate that an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the entity's behalf had actual

---

[1] *See McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (holding that a prisoner's release from jail moots his individual claim for declaratory and injunctive relief, but his claim for damages remains).

25-14037                Opinion of the Court                    5

knowledge of discrimination in the entity's programs and failed adequately to respond." *Id.* (citation modified).

Even construing Lozano's complaint liberally, he does not adequately allege facts that would constitute deliberate indifference. Lozano's allegation that his injuries were caused "by all defendants['] deliberate indifference" amounts to a legal conclusion couched as a factual allegation. *See Diverse Power,* 934 F.3d at 1273. Lozano also fails to argue deliberate indifference on appeal.[2] He does not meet the "exacting standard" deliberate indifference requires and did not make arguments that would allow him to make such a claim against the government entity defendants. *See Silberman*, 927 F.3d at 1134. Thus, the district court properly dismissed Lozano's complaint.

   **AFFRIMED.**

-----

[2] On appeal, Lozano argues that the district court erred by solely relying on sovereign immunity as the basis for its dismissal. He alternatively argues that even if he failed to state his claim with specificity, it was a consequence of the court's complaint form. We disagree. The court appropriately explained its dismissal as due to Lozano's failure to follow its prior instructions on how to amend and add specificity to his original complaint.