U.S. COURT OF APPEALS
RECEIVED
CLERK
OCT 09 2026
ATLANTA, GA

Provided to Suwannee
Correctional Institution on
OCT 02 2026
for mailing by PV JL

**UNITED STATES COURT OF APPEAL**
**FOR THE ELEVENTH CIRCUIT**

**JOSE GUERRERO LOZANO, JR.,**
**Plaintiff,**

**V.** **CASE NO.: 25-1403-E**

25-14037-B13

**COLLIER COUNTY, STATE OF FLORIDA,**
**Sheriff'f Department,**
**ARMOR HEALTH, LLC,**
**Medical Contractor to Collier County, Fla.,**
**ZINIA RODRIGUEZ,**
**Medical Nurse,**
**COLLIER COUNTY SHERIFF,**
**Defendant's.**
**_____________________________________/**

## PLAINTIFF'S NOTICE OF INQUIRY

The Plaintiff, Jose Guerrero Lozano Jr., pro se, submits this Notice of Inquiry seeking information as to the status of Plaintiff's petition which my ex Attorney [Mr. Weiss] had notified this Plaintiff was going to be submitted for filing but to my understanding never was. By inspecting the Honorable Clerk of the Eleventh Circuit Court in Atlanta Georgia Docket Record, this Plaintiff does not see anything having been sent by that attorney because Plaintiff's appeal was denied because this pro se Plaintiff had failed to comply with the Honorable Court's procedures.

After the Honorable Court dismissed Plaintiff's appeal on 12/9/2025, this Plaintiff submitted a motion to reinstate the appeal on 2/24/2026 which

was granted but all of the attempts that this pro se Plaintiff has taken has resulted in this appeal being closed because of deficiency issues ruled on 4/22/26, to be affirmed on 4/29/26. Even though this Plaintiff attempted to explain to the Honorable Court how the Plaintiff was no longer being represented by Mr. Weiss and was proceeding pro se this Plaintiff's Motion to Reinstate to prepare and submit a timely Motion for Rehearing for filing was granted and then the Honorable Court has not allowed for this pro se Plaintiff to proceed forward pro se. This Plaintiff would appreciate it if you could please inspect the status of this case and notify this Plaintiff as to whether the Honorable Court's last Order granting Plaintiff's Motion for Extension of Time filed on 6/30/2026, which was granted and ordered to be filed by 8/31/2026 and then on 9/1/2026 this Plaintiff received an order that notified this pro se Plaintiff how the Honorable Clerk Office erroneously submitted Plaintiff's 6/26/2026 motion for extension of time to file a petition for rehearing to the Court for a ruling. How the Honorable Court granted Plaintiff's motion to 8/31/2026. No action is taken on Plaintiff's 8/20/2026, motion for extension to file a petition for rehearing [entered: 9/01/2026 02:11 PM]

As this pro se Plaintiff attempted to explain on Plaintiff's Motion for Extension of Time that due to the retained Counsel Mr. Weiss failure to

follow through with the Federal Rule of Appellate Procedure Plaintiff's appeal was dismissed and this Plaintiff should not have been penalized for the conduct of an attorney who refused to represent this Plaintiff. This Plaintiff would have gladly proceeded pro se if that was the case.

This Plaintiff would appreciate any assistance which you and/or one of your staff members may be able to provide me in resolving this critical matter as it would be an injustice if this Plaintiff case remains closed due to inactions that were beyond this pro se Plaintiff's control.

Thank you for your time and assistance and this Plaintiff will wait patiently for your kindly response, because this Plaintiff is completely lost as to exactly where this Plaintiff can proceed next?

/S/ Jose Guerrero Lozano Jr. # 766161
Jose Guerrero Lozano Jr. # 766161

## UNNOTARIZED OATH

I, Jose Guerrero Lozano Jr., hereby declare, under penalties of perjury, that I have read the foregoing Plaintiff's Notice of Inquiry contained therein and that it is true and correct.

/S/ Jose Guerrero Lozano Jr. # 766161
Jose Guerrero Lozano Jr. # 766161

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Plaintiff's Notice of Inquiry has been placed into the hands of prison officials at Suwannee Correctional Institution Annex for mailing via First Class prepaid U.S. Mail to:

United States Court of Appeals
For the Eleventh Circuit
Clerk of the Court
56 Frsyth Street N.W.
Atlanta, Georgia 30303

On this 2 day of October, 2026.

/S/ Jose Guerrero Lozano Jr #766161
Jose Guerrero Lozano Jr. # 766161

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that Plaintiff's Notice of Inquiry complies with the font (Arial 14) and word count, ( 694 ), requirements of Federal Rules of Appellate Procedure.

/S/ Jose Guerrero Lozano Jr #766161
Jose Guerrero Lozano Jr. # 766161
Suwannee Correctional Institution Annex
5964 U.S. Highway 90
Live Oak, Fla 32060

Provided to Suwannee Correctional Institution on OCT 0 2 2026 for mailing by PV

RBB

1800 M. St. NW FNT 1 #33821
Washington, DC 20033

Date: September 11, 2026

**LEGAL MAIL**

Dear Mr. Lozano,

We understand that you have been in contact with the Eleventh Circuit regarding your appeal: 25-14037. The court issued its order on June 9, 2026 and we are sorry to inform you that the Eleventh Circuit ruled against you in this case. As you will see from the enclosed order and docket sheet, the court made an error when they docketed your request for a rehearing. We sincerely apologize for the delay in letting you know about this case development; this was due to an unfortunate clerical error where we thought this notification had been sent.

Though this was a disappointing outcome, I am grateful for the trust you placed in me in allowing me to represent you in this case. Please contact me if you have any questions or want to talk.

Sincerely,
Samuel Weiss

Executive Director
Rights Behind Bars
Tel: 202-455-4399
1800 M St. NW FNT 1
#33821
Washington, DC 20033

General Docket
United States Court of Appeals for the Eleventh Circuit

**Court of Appeals Docket #:** 25-14037
**Nature of Suit:** 3550 Prisoner-Civil Rights (US not def)
Jose Lozano, Jr. v. Collier County, Florida, et al
**Appeal From:** Middle District of Florida
**Fee Status:** Fee Paid

**Docketed:** 11/14/2025
**Termed:** 06/09/2026

**Case Type Information:**
1) Private Civil - Prisoner
2) State Civil Rights
3) -

**Originating Court Information:**
**District:** 113A-2 : 2:25-cv-00725-SPC-DNF
**Civil Proceeding:** Sheri Polster Chappell, U.S. District Judge
**Secondary Judge:** Douglas N. Frazier, U.S. Magistrate Judge
**Date Filed:** 08/18/2025
**Date NOA Filed:**
11/13/2025

**Prior Cases:**
None

**Current Cases:**
None

| | |
|---|---|
| JOSE GUERRERO LOZANO, JR. (State Prisoner: 766161)<br>Plaintiff - Appellant | Samuel Weiss<br>Direct: 202-455-4399<br>[COR LD NTC Retained]<br>Rights Behind Bars<br>1800 M ST NW FRONT 1 #33821<br>WASHINGTON, DC 20033<br><br>Jose Guerrero Lozano, Jr.<br>[NTC Pro Se]<br>Suwannee CI Annex - Inmate Legal Mail<br>5964 US HWY 90<br>LIVE OAK, FL 32060 |
| versus | |
| COLLIER COUNTY, FLORIDA, Sheriff's Department<br>Defendant - Appellee | |
| ARMOR HEALTH, LLC<br>Defendant - Appellee | |
| ZINIA RODRIGUEZ<br>Defendant - Appellee | |
| COLLIER COUNTY SHERIFF<br>Defendant - Appellee | |

JOSE GUERRERO LOZANO, JR.,

Plaintiff - Appellant,

versus

COLLIER COUNTY, STATE OF FLORIDA,
Sheriff's Department,
ARMOR HEALTH, LLC,
Medical Contractor to Collier County, FLA,
ZINIA RODRIGUEZ,
Medical Nurse,
COLLIER COUNTY SHERIFF,

Defendants - Appellees.

USCA11 Case: 25-14037 Document: 28-2 Date Filed: 10/09/2026 Page: 8 of 36

| | | |
|---|---|---|
| 11/14/2025 | 1<br>11 pg, 764.37 KB | PRISONER (PLRA) APPEAL DOCKETED. Notice of appeal filed by Appellant Jose Guerrero Lozano, Jr. on 11/13/2025. Fee Status: Fee Not Paid. [Entered: 11/17/2025 02:28 PM] |
| 12/08/2025 | 2<br>4 pg, 2.81 MB | *MOTION for leave to proceed filed by Appellant Jose Guerrero Lozano, Jr.. Opposition to Motion is Unknown [2]* [Entered: 12/09/2025 09:49 AM] |
| 12/09/2025 | 3<br>2 pg, 116.63 KB | Notice that no action will be taken on Motion for leave to proceed [2] filed by Appellant Jose Guerrero Lozano, Jr..<br>Reason(s) no action being taken on filing(s): The filing appears intended for another court. [Entered: 12/09/2025 09:50 AM] |
| 12/09/2025 | 4<br>2 pg, 88.13 KB | ORDER: Pursuant to the 11th Cir. R. 42-1(b), this appeal is DISMISSED for want of prosecution because the Appellant Jose Guerrero Lozano, Jr. failed to pay the filing and docketing fees (or file a motion in the district court for relief from the obligation to pay in advance the full fee) to the district court and failed to comply with the rules on Certificates of Interested Persons and Corporate Disclosure Statements within the time fixed by the rules [Entered: 12/09/2025 09:53 AM] |
| 12/15/2025 | 5<br>2 pg, 387.47 KB | Notice of receipt: Notice of Inquiry as to Appellant Jose Guerrero Lozano, Jr. [Entered: 12/17/2025 09:48 AM] |
| 12/29/2025 | 6<br>0 pg, 0 KB | *MOTION to proceed IFP, for extension of time to file Certificate of Interested Persons, for extension of time to file a motion to proceed In Forma Pauperis filed by Appellant Jose Guerrero Lozano, Jr.. Opposition to Motion is Unknown [6]* [Entered: 01/02/2026 10:30 AM] |
| 01/02/2026 | 7<br>2 pg, 140.29 KB | Notice that no action will be taken on Motion to proceed in forma pauperis [6], Motion for extension to file Certificate of Interested Persons [6], Motion for extension of time to file IFP motion [6] filed by Appellant Jose Guerrero Lozano, Jr..<br>Reason(s) no action being taken on filing(s): This case is closed. Additionally, you have failed to comply with this Court's rules on Certificates of Interested Persons and Corporate Disclosure Statements. See 11th Cir. R. 26.1-1. [Entered: 01/02/2026 10:31 AM] |
| 02/05/2026 | 8<br>1 pg, 119.7 KB | APPEARANCE of Counsel Form filed by Samuel Weiss for Jose Lozano Jose Guerrero Lozano, Jr.. Related cases? No. [25-14037] (ECF: Samuel Weiss) [Entered: 02/05/2026 11:11 AM] |
| 02/18/2026 | 9<br>8 pg, 389.29 KB | *MOTION to reinstate appeal filed by Jose Guerrero Lozano, Jr.. Motion is Unopposed. [9]* [25-14037] (ECF: Samuel Weiss) [Entered: 02/18/2026 03:38 PM] |
| 02/24/2026 | 10<br>3 pg, 339.37 KB | ORDER: Motion to reinstate appeal filed by Appellant Jose Guerrero Lozano, Jr. is GRANTED. [9] AJ and ALB (See attached order for complete text) [Entered: 02/24/2026 10:58 AM] |
| 02/24/2026 | 11<br>1 pg, 64.66 KB | Appellant's Certificate of Interested Persons and Corporate Disclosure Statement filed by Appellant Jose Guerrero Lozano, Jr.. [Entered: 02/24/2026 11:01 AM] |
| 03/17/2026 | 12 | Appellate fee was paid on 03/16/2026 as to Appellant Jose Guerrero Lozano, Jr. [Entered: 03/17/2026 08:51 AM] |
| 03/17/2026 | 13<br>2 pg, 90.93 KB | Briefing Notice issued to Appellant Jose Guerrero Lozano, Jr.. The appellant's brief is due on or before 04/06/2026. The appendix is due no later than 7 days from the filing of the appellant's brief. [Entered: 03/17/2026 08:54 AM] |
| 04/06/2026 | 14<br>29 pg, 1.49 MB | Appendix filed [1 VOLUMES] by Appellant Jose Guerrero Lozano, Jr.. [25-14037] (ECF: Samuel Weiss) [Entered: 04/06/2026 11:02 PM] |
| 04/06/2026 | 15<br>20 pg, 171.23 KB | Appellant's brief filed by Jose Guerrero Lozano, Jr.. [25-14037] (ECF: Samuel Weiss) [Entered: 04/06/2026 11:36 PM] |
| 04/07/2026 | 16<br>2 pg, 118.19 KB | NOTICE TO PARTIES: Within **seven days** of the date of this notice, each party must send to the Court paper copies of the party's brief(s) and appendix, if any, as specified in the attached notice. [Entered: 04/07/2026 09:27 AM] |
| 04/22/2026 | 17<br>1 pg, 86.42 KB | Notice of Deficiency issued to Appellant Jose Guerrero Lozano, Jr.. The paper copies of Appellant brief and appendix have not been received. See 11th Cir. Rules 30-1(d) and 31-3. The paper copies must be submitted within seven days of this notice. See the attached notice for additional information. [Entered: 04/22/2026 10:05 AM] |
| 04/29/2026 | 18 | Received paper copies of Appellant brief [2 copies ] and appendix, [2 copies] [1 volumes] for Appellant Jose Guerrero Lozano, Jr.. [Entered: 04/29/2026 12:46 PM] |
| 06/09/2026 | 19<br>7 pg, 164.82 KB | Opinion issued by court as to Appellant Jose Guerrero Lozano, Jr.. Decision: Affirmed. Opinion type: Non-Published. Opinion method: Per Curiam. The opinion is also available through the Court's Opinions page at this link http://www.ca11.uscourts.gov/opinions. [Entered: 06/09/2026 02:44 PM] |
| 06/09/2026 | 20<br>2 pg, 28.95 KB | Judgment entered as to Appellant Jose Guerrero Lozano, Jr.. [Entered: 06/09/2026 02:58 PM] |

USCA11 Case: 25-14037 Document: 28-2 Date Filed: 10/09/2026 Page: 9 of 36

| | | |
|---|---|---|
| 06/26/2026 | 21<br>5 pg, 499.44 KB | *MOTION for extension of time to file request for rehearing to 08/31/2026 filed by Appellant Jose Guerrero Lozano, Jr.. Opposition to Motion is Unknown [21]* [Entered: 06/29/2026 03:09 PM] |
| 06/30/2026 | 22<br>3 pg, 114.03 KB | ORDER: Motion for extension to file request for rehearing filed by Appellant Jose Guerrero Lozano, Jr. is GRANTED. [21] Petition for Rehearing due on 08/31/2026. ENTERED FOR THE COURT - BY DIRECTION. (See attached order for complete text) [Entered: 06/30/2026 03:24 PM] |
| 08/20/2026 | 23<br>4 pg, 474.08 KB | *MOTION "Direct Florida Department of Corrections to comply with plaintiff's order for extension of time" filed by Appellant Jose Guerrero Lozano, Jr.. Opposition to Motion is Unknown [23]* [Entered: 08/26/2026 04:11 PM] |
| 08/28/2026 | 26<br>11 pg, 1.12 MB | *MOTION for reconsideration of a panel order entered on 06/09/2026 filed by Appellant Jose Guerrero Lozano, Jr.. Opposition to Motion is Unknown [26]* [Entered: 09/08/2026 04:15 PM] |
| 09/01/2026 | 24<br>2 pg, 117.45 KB | Notice that no action will be taken on Motion [23] filed by Party Jose Guerrero Lozano, Jr..<br>Reason(s) no action being taken on filing(s): The Clerk's office erroneously submitted Appellant's 6/26/2026 motion for extension to file a petition for rehearing to the Court for a ruling. The Court granted the motion to 8/31/2026. Pursuant to 11th Cir. R. 25-1, no action is taken on Appellant's 8/20/2026, motion for extension to file a petition for rehearing. [Entered: 09/01/2026 02:11 PM] |
| 09/01/2026 | 25<br>3 pg, 115.47 KB | Mandate issued as to Appellant Jose Guerrero Lozano, Jr.. [Entered: 09/01/2026 02:19 PM] |
| 09/08/2026 | 27<br>2 pg, 116.67 KB | Notice that no action will be taken on Motion for reconsideration of panel order [26] filed by Appellant Jose Guerrero Lozano, Jr..<br>Reason(s) no action being taken on filing(s): This case is closed. The mandate has been issued and appellant is represented by counsel. [Entered: 09/08/2026 04:16 PM] |

**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 25-14037

Non-Argument Calendar

---

JOSE GUERRERO LOZANO, JR.,

*Plaintiff-Appellant,*

*versus*

COLLIER COUNTY, STATE OF FLORIDA,
Sheriff's Department,
ARMOR HEALTH, LLC,
Medical Contractor to Collier County, FLA,
ZINIA RODRIGUEZ,
Medical Nurse,
COLLIER COUNTY SHERIFF,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:25-cv-00725-SPC-DNF

---

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Jose Guerrero Lozano, Jr. appeals the district court's dismissal of his complaint against Defendants-Appellees Collier County, medical contractor Armor Health, Nurse Zinia Rodriguez, and Sheriff Kevin Rambosk (collectively, Appellees). On appeal, Lozano argues that he adequately alleged a claim under the Americans with Disabilities Act (ADA). After careful review, we affirm the district court's dismissal without prejudice.

I.

Proceeding pro se before the district court, Lozano sued Appellees under 42 U.S.C. § 1983 for violations of the Eighth Amendment and the ADA. Lozano alleged that despite their knowledge of his mobility-related disability, Appellees failed to follow official policy and provide him a shower with handrails. Because of this failure, Lozano suffered injuries after falling in a shower that lacked handrails or seats.

Under 28 U.S.C. § 1915, the district court dismissed Lozano's initial complaint for failure to state a claim because he failed to establish either the subjective or objective components of an Eighth Amendment claim, which in turn prohibited his ADA claim. The court explained that Lozano's complaint, in which he claims that he has a mobility-related disability, is not enough to establish that requiring him to shower without handrails created an unreasonable risk of serious harm. The court further explained that Lozano

USCA11 Case: 25-14037 Document: 28-2 Date Filed: 10/09/2026 Page: 12 of 36



also failed to allege facts that would establish deliberate indifference.

The court instructed Lozano on what he needed to include in his amended complaint: details about his disability, what he told the defendants about his disability before his fall, and how the defendants responded. Lozano filed an amended complaint. But the district court again dismissed Lozano's amended complaint for failure to state a claim for the same reasons as his original complaint, explaining that "Lozano's allegation that a booking officer assigned him to open population despite knowledge of an unspecified disability is not enough to establish a claim." Lozano timely appealed with the assistance of counsel.

II.

Under 28 U.S.C. § 1915A(a), federal courts must conduct an initial screening of certain civil suits brought by incarcerated individuals to determine whether they should proceed. Upon review, a court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). And when prisoners are proceeding in forma pauperis, courts are similarly directed to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

We review de novo a district court's dismissal for failure to state a claim upon which relief may be granted, under 28 U.S.C. §§ 1915(e) and 1915A(b)(1). *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276,

USCA11 Case: 25-14037 Document: 28-2 Date Filed: 10/09/2026 Page: 13 of 36



1278–79 (11th Cir. 2001) (per curiam). And we must take the factual "allegations in the complaint as true." *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003). "But we are not 'bound to accept as true a legal conclusion couched as a factual allegation.'" *Diverse Power, Inc. v. City of LaGrange*, 934 F.3d 1270, 1273 (11th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)).

Lozano requested both injunctive relief and compensatory damages. Typically, plaintiffs who allege an ADA violation are entitled "only to injunctive relief." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019). But since Lozano is no longer in custody at Collier County, his claims for injunctive relief are moot.[1] For the remaining compensatory damages, Lozano must allege that "the entity that he has sued engaged in intentional discrimination, which requires a showing of deliberate indifference." *Id.* (internal quotation marks omitted).

Deliberate indifference is an "exacting standard [requiring] proof that the defendant knew that harm to a federally protected right was substantially likely and failed to act on that likelihood." *Id.* (citation modified). Further, "in order to hold a government entity liable, the plaintiff must demonstrate that an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the entity's behalf had actual

[1] *See McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (holding that a prisoner's release from jail moots his individual claim for declaratory and injunctive relief, but his claim for damages remains).

knowledge of discrimination in the entity's programs and failed adequately to respond." *Id.* (citation modified).

Even construing Lozano's complaint liberally, he does not adequately allege facts that would constitute deliberate indifference. Lozano's allegation that his injuries were caused "by all defendants['] deliberate indifference" amounts to a legal conclusion couched as a factual allegation. *See Diverse Power*, 934 F.3d at 1273. Lozano also fails to argue deliberate indifference on appeal.[2] He does not meet the "exacting standard" deliberate indifference requires and did not make arguments that would allow him to make such a claim against the government entity defendants. *See Silberman*, 927 F.3d at 1134. Thus, the district court properly dismissed Lozano's complaint.

**AFFIRMED.**

---

[2] On appeal, Lozano argues that the district court erred by solely relying on sovereign immunity as the basis for its dismissal. He alternatively argues that even if he failed to state his claim with specificity, it was a consequence of the court's complaint form. We disagree. The court appropriately explained its dismissal as due to Lozano's failure to follow its prior instructions on how to amend and add specificity to his original complaint.

**No. 25-14037**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

JOSE LOZANO JR.,

*Plaintiff-Appellant,*

*v.*

COLLIER COUNTY, FLORIDA, ET AL.

*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Middle District of Florida
No. 3:25-cv-725 (Hon. Sheri Polster Chappell, U.S. District Judge)

---

**OPENING BRIEF**

---

Samuel Weiss
RIGHTS BEHIND BARS
1800 M Street NW, Front 1 #33821
Washington, DC 20033
202-455-4399
sam@rightsbehindbars.org

*Counsel for Plaintiff-Appellant Jose Lozano Jr.*

April 6, 2026

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 and this Court's Local Rule 26.1-1, undersigned counsel makes the following disclosure of interested parties:

- Armor Health, LLC – Appellee
- Chappell, Judge Sheri Polster
- Collier County - State of Florida, Appellee
- Frazier, Magistrate Judge Douglas N.
- Lozano, Jose – Appellant
- Rambosk, Kevin – Appellee
- Rodriguez, Zinia – Appellee
- Weiss, Samuel – Counsel for Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant Jose Lozano Jr. does not request oral argument. The district court's error was plain, and, due to the minimal proceedings below, Defendant has not even been served to participate in oral argument. If this Court feels there are any plausible arguments that it should affirm the district court's decision, Appellant would be happy to present oral argument.

# TABLE OF CONTENTS


STATEMENT REGARDING ORAL ARGUMENT ........................................... ii

TABLE OF CONTENTS ........................................................................... iii

TABLE OF CITATIONS .............................................................................iv

STATEMENT OF JURISDICTION .................................................................1

STATEMENT OF THE ISSUES .....................................................................1

STATEMENT OF THE CASE ........................................................................1

SUMMARY OF THE ARGUMENT.................................................................3

STANDARD OF REVIEW ............................................................................3

ARGUMENT ...............................................................................................4

I. Collier County is Not Entitled to Sovereign Immunity Because It Is Not a State.............................................................................................4

II. Lozano's Allegations Were Sufficient to State an ADA Claim.....................6

CONCLUSION ...........................................................................................12

CERTIFICATE OF COMPLIANCE ...............................................................14

CERTIFICATE OF SERVICE........................................................................15

# TABLE OF CITATIONS

**Cases**

*Armstrong v. Schwarzenegger*, 622 F.3d 1058 (9th Cir. 2010) .............................. 10
*Baughman v. Walt Disney World Co.*, 685 F.3d 1131 (9th Cir. 2012) ................... 11
*Bilal v. Geo Care, LLC*, 981 F.3d 903 (11th Cir. 2020) ........................................... 4
*Cash v. Smith*, 231 F.3d 1301 (11th Cir. 2000) ..................................................... 10
*Dukes Clothing, LLC v. Cincinnati Ins. Co.*, 35 F.4th 1322 (11th Cir. 2022) .......... 3
*Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251 (11th Cir. 2015) ............................. 3
*Kinard v. Fla. Dep't of Corr.*, No. 24-10359, 2024 WL 4785003 (11th Cir. Nov. 14, 2024) .............................................................................................................. 7, 12
*Lewis v. City of Union City, Georgia*, 934 F.3d 1169 (11th Cir. 2019) .................... 9
*Mazzola v. Davis*, 776 F. App'x 607 (11th Cir. 2019) ........................................... 10
*McCauley v. Georgia*, 466 F. App'x 832 (11th Cir. 2012) ...................................... 6
*Montanez v. Price*, 154 F.4th 127 (3d Cir. 2025) .................................................. 12
*Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999) .......................................... 8
*Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998) ................................................ 10
*Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001) ..................................................... 11
*Silberman v. Miami Dade Transit*, 927 F.3d 1123 (11th Cir. 2019) ........................ 7
*Stewart v. Baldwin Cnty. Bd. of Educ.*, 908 F.2d 1499 (11th Cir. 1990) .................. 5
*United States v. Dieguimde*, 119 F.3d 933 (11th Cir. 1997) .................................... 6
*United States v. Georgia*, 546 U.S. 151 (2006) ............................................... 4, 5, 11

**Statutes**

28 U.S.C. § 1291 ........................................................................................... 1
28 U.S.C. § 1331 ........................................................................................... 1
29 U.S.C. § 794(b) ....................................................................................... 10
42 U.S.C. § 12101. ........................................................................................ 7
42 U.S.C. § 12102 ......................................................................................... 8

**Other Authorities**

28 C.F.R. § 35.108(d) .................................................................................... 8

## STATEMENT OF JURISDICTION

Plaintiff-Appellant Jose Lozano Jr. appeals from a final judgment dismissing his case entered by the U.S. District Court for the Middle District of Florida on October 16, 2025. App. 25. The district court had subject-matter jurisdiction over his claims under 28 U.S.C. § 1331. In accordance with Federal Rule of Appellate Procedure 4(a), a timely notice of appeal was filed on November 7, 2025. App. 27. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I. Whether the district court erred in dismissing Lozano's disability law claim because Collier County was entitled to sovereign immunity.

II. Whether Lozano's ADA claim otherwise stated a claim.

## STATEMENT OF THE CASE

Jose Lozano was a detainee at the Collier County Jail. App. 5. Upon entering the jail, he had a mobility impairment that required ADA housing. App. 16. A jail staff member at booking—identified in the complaint by his staff number, #2833—was aware of both his disability and his requirement of ADA housing but nonetheless sent him to general population. *Id.* #2833 acknowledged Lozano's disability but chose not to accommodate it. *Id.* Lozano required, for example, an ADA cell to be able to safely bathe because of his mobility problems. *Id.* Lozano also needed access to a medical shower, but the staff member told him he did not

care. *Id.* Lozano explained that in past incarcerations he had stayed in a medical pod due to his mobility impairments.

On January 9, 2022, Lozano was injured attempting to take a shower in a facility with no handrails or seat. *Id.* He had told Nurse Rodriguez that such a shower was dangerous for him. App. 17. She told him that she did not care and to get into the shower. *Id.* When he fell, she laughed at him and said "that shower kicked his ass." *Id.* Bystanders had to tell her to help Lozano rather than laughing at him. *Id.* When another nurse showed up, the nurse ordered Rodriguez away to stop disrupting the scene so that the nurse could apply an oxygen mask. App. 17–18. The injuries suffered led to multiple surgeries on his left shoulder and one on his left knee. App. 18. He has not fully recovered and is not expected to ever do so. App. 17.

Lozano filed suit *pro se*, alleging violations of the Americans with Disabilities Act (ADA) and the Eighth Amendment. App. 5. The district court screened his complaint under the Prison Litigation Reform Act, holding that his ADA claim was due for dismissal because Collier County was entitled to sovereign immunity. App. 11. Lozano amended his complaint. App. 12. The district court dismissed his ADA claim for the same reason. App. 24. Lozano timely appealed. App. 27.

USCA11 Case: 25-14037 Document: 28-2 Date Filed: 10/09/2026 Page: 22 of 36

## SUMMARY OF THE ARGUMENT

The district court erred in dismissing Lozano's ADA claim. It did so for a single reason—that Collier County was entitled to sovereign immunity. Collier County is, however, a county. It is not entitled to sovereign immunity.

Even were this Court to analyze the merits of Lozano's claim, there is no alternative basis to affirm. On a lenient, pre-service screening standard, Lozano stated a claim by alleging that he had mobility impairments that prevented him from safely bathing which jail staff ignored. If Lozano's complaint lacked enough specificity to state a claim, it was a consequence of the court's own complaint form and this Court should remand for Lozano to have a genuine opportunity for amendment.

## STANDARD OF REVIEW

This Court reviews a district court's dismissal for failure to state a claim *de novo*. *See Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1255 (11th Cir. 2015). When reviewing a district court's dismissal, this Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Dukes Clothing, LLC v. Cincinnati Ins. Co.*, 35 F.4th 1322, 1325 (11th Cir. 2022) (quoting *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008)). Because Lozano proceeded *pro se* before the district court, his submissions to the district court must be construed "liberally" and held to "less stringent standards than

formal pleadings drafted by lawyers." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## ARGUMENT

### I. Collier County is Not Entitled to Sovereign Immunity Because It Is Not a State.

The district court dismissed Lozano's initial complaint on the grounds that "[p]ublic entities, including prisons and jails, can be liable for damages if they fail to make a reasonable accommodation, but only if the failure violates the Fourteenth Amendment." App. 10 (citing *Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 764 (11th Cir. 2020)). It reiterated this analysis in its second order, which dismissed Lozano's operative complaint on the sole ground that "Lozano's failure to state an Eighth Amendment claim is also fatal to his ADA claims." App. 24.

This analysis is plainly wrong twice over. The reason that *United States v. Georgia*—on which both the district court and *Siskos* relied—considered whether the plaintiff had stated an independent Eighth Amendment claim is because a state is typically entitled to sovereign immunity under the Eleventh Amendment. 546 U.S. 151, 154 (2006). If a state would otherwise be entitled to sovereign immunity, a plaintiff could only overcome the defense by showing that the state's conduct independently violated the Fourteenth Amendment, thereby abrogating the immunity. *Id.* at 158.

USCA11 Case: 25-14037 Document: 28-2 Date Filed: 10/09/2026 Page: 24 of 36

Collier County, however, is not a state. As this Court has explained in the context of the ADA, the Eleventh "Amendment's bar to suits in federal courts extends both to states and to state officials in appropriate circumstances, but it does not extend to counties." *Stewart v. Baldwin Cnty. Bd. of Educ.*, 908 F.2d 1499, 1509 (11th Cir. 1990). The district court's extension of the requirement of an independent Fourteenth Amendment violation to overcome sovereign immunity to a county was plainly wrong, as the county had no entitlement to the defense in the first place.

Moreover, even if county officials were entitled to sovereign immunity, the district court's opinion would still be wrong. The district court cited *Siskos* and *United States v. Georgia* for the conclusion that plaintiffs must demonstrate an accompanying constitutional violation to receive monetary damages for an ADA violation. App. 10; App. 24. *Georgia*, however, did not resolve this question in favor of states but rather explicitly left the question open. 546 U.S. at 159. The Court wrote that if the plaintiff states an accompanying Fourteenth Amendment claim,[1] as in *Georgia*, a court need not even consider sovereign immunity as a defense; if the plaintiff lacks such a claim, however, the court must consider the thorny question of whether Congress validly abrogated sovereign immunity in enacting Title II of the

[1] The Fourteenth Amendment's Due Process Clause incorporates the Eighth Amendment against the states. A state official's violation of the Eighth Amendment therefore is, technically speaking, a Fourteenth Amendment violation. *Georgia*, 546 U.S. at 157.

ADA. *Id.* The district court—and this Court's unpublished disposition in *Siskos* which cited *Georgia* too—was mistaken in citing *Georgia* for a proposition that it explicitly did not decide. *See McCauley v. Georgia*, 466 F. App'x 832, 836 (11th Cir. 2012) (explaining that *Georgia* did not "determin[e] whether Title II validly abrogated sovereign immunity in prisoner suits generally" but rather "merely noted" the truism that the Fourteenth Amendment gives Congress the power to enforce actual violations of the Amendment). In the years since, neither the Supreme Court, this Court, nor any other federal appellate court has ever considered whether Title II of the ADA's abrogation of sovereign immunity was valid in the context of prisons and decided it was not. The district court erred in interpreting *Georgia* to hold otherwise.

## II. Lozano's Allegations Were Sufficient to State an ADA Claim.

Given that the district court's sole basis for its decision was plainly wrong, this Court should reverse and remand for further proceedings rather than consider additional legal questions in the first instance. *See United States v. Dieguimde*, 119 F.3d 933, 934 (11th Cir. 1997). That step is particularly appropriate here, where this Court would be considering merits questions not only without a district court decision but also without adversarial briefing. *See id.* ("Especially in the absence of any party arguing in support of the district court's decision, we prefer to have the

benefit of the district court's reasoned response to such arguments in the first instance").

If this Court nonetheless chooses to reach the merits of Lozano's ADA claim in the first instance, it should hold that he has stated a claim. The ADA prohibits discrimination "against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to any discrimination by any such entity." *Id.* § 12132.

To state a claim for disability discrimination under Title II of the ADA, a plaintiff must allege that (1) he is a "qualified individual with a disability"; (2) "he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (3) "the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019). "A prisoner has a claim for disability discrimination if he is denied, by reason of his disability, participation in an activity provided in a state prison." *Kinard v. Fla. Dep't of Corr.*, No. 24-10359, 2024 WL 4785003, at *5 (11th Cir. Nov. 14, 2024).

As enacted in 1990, the ADA sets forth three ways to qualify as disabled: (1) having "a physical or mental impairment that substantially limits one or more major life activities of [the] individual"; (2) having a "record of such an impairment"; or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). The standard for determining whether a plaintiff has a qualifying disability is not a demanding one. The ADA Amendments Act of 2008 (ADAAA), which governs that question, established a rule of construction that the definition of disability "shall be construed in favor of broad coverage of individuals under this Act, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A). Additionally, the ADAAA's implementing regulations[2] reinforced the breadth of the ADAAA's definition of a qualifying disability, insisting that the "substantially limits" standard is not intended to be "demanding" but instead should be interpreted "broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." 28 C.F.R. § 35.108(d). The regulations made clear that the primary analysis under ADA claims should be "whether public entities have complied with their obligations and whether discrimination has occurred" rather than "the extent to which an individual's impairment substantially limits a major life

[2] *See* 42 U.S.C. § 12134 (instructing the U.S. Attorney General to promulgate implementing regulations of Title II of the ADA). "Because the Department [of Justice] is the agency directed by Congress to issue regulations implementing Title II, its views warrant respect." *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 597-98 (1999).

activity." *Id.* An impairment constitutes a qualifying disability if it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population," and it need not "prevent," or even "significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." *Id.* Importantly, no "extensive analysis" is necessary to resolve the "threshold issue of whether an impairment substantially limits a major life activity." *Id.*

Lozano sufficiently alleged both that he had a physical impairment that substantially limited major life activities and that Defendant "regarded" him as such. First, Lozano sufficiently alleged that he had mobility impairments that substantially limited his ability to ambulate and bathe. App. 16. He required a "handicapped facility." *Id.* He also alleged that Collier County "regarded" him as having a disability when its staff member acknowledged that he needed an accessible cell and nonetheless put him in general population. *Id.*

Lozano's failure to identify the specific diagnosis that is the source of his mobility impairments is not fatal to his claim at such an early stage. What is relevant for a qualifying disability is not the formal diagnosis but the extent of the limitation on a major life activity, regardless of its source. *See Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1180 (11th Cir. 2019) (defining an "actual disability" through the severity of the limitation rather than a diagnosis).

The other elements of an ADA claim were plainly met. "[P]rograms, services, and activities" has an expansive meaning in the unique context of prisons, in which public entities have control over all actions of the prisoners in their charge. The Rehabilitation Act, which this Court interprets coextensively with the ADA, expressly defines "program or activity" to mean "all of the operations of … a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. § 794(b); *see also Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000) (analyzing ADA and RA claims together because "[d]iscrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases.") In the context of prisons, "programs, services, and activities" includes virtually everything the facility offers, from dining to visitation to educational programming. *See, e.g., Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Armstrong v. Schwarzenegger,* 622 F.3d 1058, 1068 (9th Cir. 2010) (holding that "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication" inside a prison all constitute a public entity's programs or services); *Mazzola v. Davis*, 776 F. App'x 607, 611 (11th Cir. 2019) (explaining that being denied access to programs and services available to the general prison population, such as "the prison's recreational facilities, dining hall, visitation facilities, library, and commissary," constituted disability discrimination). The U.S. Supreme Court has already noted that "mobility"

USCA11 Case: 25-14037 Document: 28-2 Date Filed: 10/09/2026 Page: 30 of 36

and "hygiene" are services under Title II of the ADA, and both are at issue here. *United States v. Georgia*, 546 U.S. 151, 157 (2006).

Meaningful access requires more than being physically capable of accessing services when doing so risks injury, pain, or humiliation. "A violation of Title II … does not occur only when a disabled person is completely prevented from enjoying a service, program, or activity. The regulations specifically require that services, programs, and activities be 'readily accessible.'" *Shotz v. Cates*, 256 F.3d 1077, 1080 (11th Cir. 2001) (quoting 28 C.F.R. § 35.150). For example, the U.S. Supreme Court's paradigmatic Title II case, *Tennessee v. Lane*, involved plaintiffs with mobility impairments who had to crawl or be carried up flights of stairs to reach the second floor of a courthouse. 541 U.S. 509, 513 (2004). No party suggested that the plaintiffs had meaningful access to the courts even though they could physically reach them by risking injury. Congress in passing the ADA enacted a broader mandate for equality. *See Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1134–35 (9th Cir. 2012) (rejecting defendant's argument that it must only provide "necessary" accommodations as that "would require very few accommodations indeed. After all, a paraplegic can enter a courthouse by dragging himself up the front steps, so lifts and ramps would not be 'necessary' … And no facility would be required to provide wheelchair-accessible doors or bathrooms, because disabled

individuals could be carried in litters or on the backs of their friends. That's not the world we live in.").

At the very least, Lozano should be given a genuine opportunity to amend his complaint as any failures in detail in Lozano's complaint were the consequence of him attempting to follow local rules. The district court criticized Lozano's initial complaint for being "light on factual details." App. 5. Lozano, however, was using a court-provided form that provided roughly half of a page to provide factual information to answer "What happened to you?" App. 16. Middle District of Florida Local Rule 6.04 requires him to use this form.

In *Montanez v. Price*, the Third Circuit reversed a district court that similarly provided a complaint form that artificially limited a *pro se* plaintiff's ability to state a claim. 154 F.4th 127, 152 (3d Cir. 2025). Because the "inadequacies in [the plaintiff's] pleading largely stemmed from the [court's] own procedures," the court reversed the district court and remanded to permit amendment. *Id.* The court should at least do the same here.

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court and remand for service and further proceedings.

April 6, 2026

USCA11 Case: 25-14037 Document: 28-2 Date Filed: 10/09/2026 Page: 32 of 36

Respectfully Submitted,

*/s/ Samuel Weiss*
Samuel Weiss
RIGHTS BEHIND BARS
1800 M Street NW, Front 1
#33821
Washington, DC 20033
202-455-4399
sam@rightsbehindbars.org

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume, typeface, and type-style requirements of Rule 32(a) of the Federal Rules of Appellate Procedure and Rule 28-1(m) of the Eleventh Circuit Rules. This brief contains 2,963 words, excluding the parts of the document exempted by Fed. R. App. 32(f), as calculated in Version 15.26 of Microsoft Word for Mac 2016. It was prepared in 14-point font using Times New Roman, a proportionally spaced typeface.

*/s/ Samuel Weiss*
Samuel Weiss

## CERTIFICATE OF SERVICE

I certify that on April 6, 2026, I electronically transmitted the foregoing brief to the Clerk of the Court using the appellate CM/ECF System, causing it to be served on counsel of record, who are all registered CM/ECF users.

/s/ *Samuel Weiss*
Samuel Weiss

JOSE GUERRERO LOZANO, JR.,
D.C. # 766161
Suwannee Correctional Institution Annex
5964 U.S. Highway 90
Live Oak, FL 32060

Mailed From State
Correctional Institution
Suwannee CI

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 32060 $ 003.43⁰
02 7W
0008046374 OCT 02 2026

CLEARED SECURITY

OCT 09 2026

U.S. MARSHALS SERVICE
11th Circuit Court of Appeals (COA)

TO: UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT
OFFICE OF THE CLERK
56 FORSYTH STREET, N.W.
ATLANTA, GEORGIA 30303

LEGAL MAIL

LEGAL MAIL